UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| KELLIE DUBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:17-cv-84 |
| | ) |
| FARM CREDIT MID-AMERICA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Plaintiff, Kellie Dubbs ("Dubbs"), brings this action against Defendant, Farm Credit Mid-America ("Defendant"), alleging that Defendant terminated her in violation of her rights as protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the public policy outlined in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

## PARTIES

2. Dubbs has at all times resided in the Southern District of Indiana.

3. Farm Credit Mid-America is a lending cooperative doing business in the Southern District of Indiana, Evansville Division.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Dubbs's federal claim pursuant to 28 U.S.C. § 1331, and has supplemental jurisdiction over Dubbs's state law claim pursuant to 28 U.S.C. § 1367(a).

5. Dubbs is an "employee" as defined by 42 U.S.C. § 12111(4).

6. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5).

7. Venue is proper in this court pursuant to 29 U.S.C. § 1391 because all facts, events, and transactions giving rise to this lawsuit occurred in Evansville, Indiana, which is located in the Southern District of Indiana, Evansville Division.

8. Dubbs satisfied her obligations to exhaust her administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or around June 15, 2016. Dubbs received her right-to-sue notice from the EEOC on or around February 15, 2017, and now timely files this lawsuit.

## FACTUAL ALLEGATIONS

9. Dubbs began working for Defendant at its Evansville branch on or around February 14, 2011.

10. At all relevant times, Dubbs's position was Customer Service Specialist.

11. At all relevant times, Dubbs's work performance met Defendant's reasonable expectations.

12. Dubbs is a qualified individual with a disability, record of disability, or perception of being disabled.

13. Dubbs was able to perform all of the essential functions of her job with or without a reasonable accommodation.

14. In or around 2012, Dubbs began experiencing symptoms of carpal tunnel syndrome.

15. On May 9, 2016, and again on May 12, 2016, Dubbs requested time off for testing and treatment for her carpal tunnel syndrome.

16. Dubbs's carpal tunnel syndrome was caused or exacerbated by repetitive motions

performed during her employment with Defendant.

17. Defendant reasonably anticipated that Dubbs would file a worker's compensation claim as a result of her carpal tunnel syndrome.

18. Dubbs's request for time off for testing and treatment for her carpal tunnel syndrome constituted a request for a reasonable accommodation under the ADA.

19. Respondent terminated Dubbs's employment on May 13, 2016.

20. Defendant has accorded more favorable treatment to similarly-situated employees who were not disabled, had a record of being disabled, were not perceived as being disabled, had not engaged in protected conduct under the ADA, and/or were not expected to file a worker's compensation claim.

21. Defendant terminated Dubbs because of her disability, record of disability, perceived disability, and/or in retaliation for her protected activity under the ADA, and/or her anticipated protected activity under *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

22. Any reason given by Defendant for the adverse actions taken against Dubbs is pretextual.

23. Defendant's conduct violated Dubbs's rights as protected by the ADA and the public policy outlined in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

24. Dubbs has suffered and continues to suffer injuries as a result of Defendant's unlawful conduct.

## CAUSES OF ACTION

### COUNT I - DISABILITY DISCRIMINATION

25. Dubbs incorporates by reference paragraphs 1-24 of her Complaint.

26. Dubbs is a qualified individual with a disability, record of disability, and/or perceived disability.

27. Defendant terminated Dubbs because of her disability, record of disability, and/or perceived disability.

28. Defendant has accorded more favorable treatment to similarly-situated employees who do not have a disability, record of disability, and/or perceived disability.

29. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

## COUNT II - FAILURE TO ACCOMMODATE

30. Dubbs incorporates by reference paragraphs 1-29 of her Complaint.

31. Dubbs requested a reasonable accommodation for her disability in the form of time off for testing and treatment for her carpal tunnel syndrome.

32. Defendant unreasonably denied Dubbs's request for a reasonable accommodation.

33. Defendant failed to engage in the interactive process.

34. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the ADA.

## COUNT III - ADA RETALIATION

35. Dubbs incorporates by reference paragraphs 1-34 of her Complaint.

36. Dubbs engaged in protected conduct when she requested a reasonable accommodation.

37. Defendant subjected Dubbs to retaliation for requesting a reasonable accommodation, including, but not limited to, terminating Dubbs.

38. Defendant's actions were intentional willful, and in reckless disregard of Dubbs's rights

as protected by the ADA.

## COUNT IV - WRONGFUL TERMINATION -
*Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973)

39. Dubbs incorporates by reference paragraphs 1-38 of her Complaint.

40. Defendant terminated Dubbs in violation of the public policy outlined in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973), by terminating her because of her workplace injuries and in anticipation of a worker's compensation claim.

41. Defendant has accorded more favorable treatment to similarly-situated employees who did not suffer workplace injuries and/or did not have anticipated worker's compensation claims.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kellie Dubbs, by counsel, respectfully requests that the Court find for her and order that Defendant:

    a. Reinstate Dubbs to the same position, salary, and seniority, or in the alternative, pay Dubbs front pay in lieu of reinstatement;

    b. Pay lost wages and benefits to Dubbs;

    c. Pay compensatory and punitive damages to Dubbs;

    d. Pay pre-and post-judgment interest to Dubbs;

    e. Pay Dubbs's reasonable attorney's fees and costs incurred in pursuing this matter; and

    f. Provide to Dubbs any and all other legal and/or equitable relief that this Court determines appropriate and just to grant.

                                          Respectfully submitted,

                                          *s/ John H. Haskin*
                                          John H. Haskin, Attorney No. 7576-49

                                          *s/ Samuel M. Adams*
                                          Samuel M. Adams, Attorney No. 24387-49

## JURY DEMAND

Plaintiff respectfully requests a jury trial for all issues deemed triable.

                                          Respectfully submitted,

                                          *s/ John H. Haskin*
                                          John H. Haskin, Attorney No. 7576-49

                                          Attorney for Plaintiff
                                          Kellie Dubbs

JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:    (317)955-2570
Email:        jhaskin@jhaskinlaw.com
                 sadams@jhaskinlaw.com